## Commonwealth v. Lawell.

*Justice of the peace—Summary hearings—Violations of motor-vehicle law —Act of June 14, 1923—Return of complaint to Quarter Sessions—Delay— Whether directions of the act are mandatory or directory.*

1. Where a person charged with a violation of the Motor Vehicle Act of June 14, 1923, P. L. 718, waives a summary hearing and gives bond, the failure of the justice to return the complaint to the Quarter Sessions within fifteen days after the time fixed for hearing will not entitle the defendant to have the proceedings quashed.

2. The requirement of the act as to the return of the complaint is merely directory and not mandatory.

3. Remedial statutes should be so construed as to speed the remedy, and not to aid offenders to escape punishment.

4. In the interest of the proper administration of justice, committing magistrates should make prompt returns to the court to which they are directed by law to make returns.

5. By so doing, they will enable the district attorney to prepare bills of indictment, afford him an opportunity to subpœna witnesses and prepare cases for trial, and will help the court to arrange its sessions in accordance with the anticipated requirements.

Rule to show cause why proceedings should not be quashed. Q. S. Montgomery Co., Sept. Sess., 1924, No. 183.

*J. Burnett Holland,* for Commonwealth; *Franklin L. Wright,* for defendant.

MILLER, P. J., Nov. 3, 1924.—The defendant, who was charged with violating sections 22 and 25 of the Motor Vehicle Act of June 30, 1919, P. L. 678, was arrested on warrant and brought before a justice of the peace for hearing, when, on Aug. 29, 1924, he waived such hearing and entered bail for his appearance at court pursuant to the second proviso of section 33 of the act, as last amended by that of June 14, 1923 (see P. L. 748e), which provides that any person accused of violating any of the provisions of the act "may waive summary hearing and give bond in a sum equal to double the amount of the maximum fine that might be imposed for appearance for trial before a

judge of the Court of Quarter Sessions, . . . and thereupon the . . . justice of the peace shall, within fifteen days, return the complaint or information to the said court. . . ." Nothing more was done in the matter until Sept. 16th, when the justice filed in the clerk's office a certified transcript of his proceedings in the case, with the original complaint or information and warrant attached thereto.

As more than fifteen days had elapsed after the time fixed for hearing before the complaint or information was returned to court, the defendant petitioner contends that the return is defective, invalid and annulled, and prays that the proceedings instituted be quashed.

The customary rule to show cause was granted, no facts are in controversy and we have heard argument. The single question involved is one of law and may be stated as follows: Is the defendant entitled to a discharge because of the failure of the justice of the peace to return the complaint to court within fifteen days after the time fixed for hearing? The answer to this question depends on whether the requirement of the act in this regard is mandatory or directory.

Remedial statutes should be so construed as to speed the remedy. The purpose of this section of the act is not to aid offenders to escape punishment, but to assure them a full, prompt and fair hearing. This defendant could have submitted his case to the justice of the peace who had issued the warrant, and, as it is to be presumed that such public officials are honest and seek to discharge their duties justly, he might have had a fair hearing. Had he done so and been dissatisfied with its result, he still had his remedy for the fancied injustice done him by *certiorari* or appeal. He did not do so, however, but, availing himself of the alternative relief provided by the act, which, by the way, is relatively so new to our law, he waived hearing and elected to be tried by a judge of the Quarter Sessions. If he chafes at unreasonable delay, even here he is not without adequate procedural remedy. The act requires that the case be returned within fifteen days. After the expiration of that time, he may compel its return by mandamus or other appropriate order. During all this time, however, he stands as one charged with having violated the law and, primarily, his right is to have his day in court. He is not engaged in the assertion of a right against another private individual, but all those who, until actual hearing, are required to do anything adverse to him are public officials. Their acts of commission or omission are not necessarily those of the prosecutor and the latter is not to be held responsible for them, as sometimes occurs in private litigation. The principles of law relating to attorney and client and principal and agent are not applicable here. If a justice of the peace fails or refuses to perform his official duty, he may, at least in many cases, be punished or even held responsible in damages to the party injured, but a contention that, because a justice neglects to return a transcript strictly within the time fixed by law, the proceeding is dead, is all the more interesting because of its novelty.

The Act of June 11, 1885, P. L. 110, provides that it "shall be the duty of all . . . justices of the peace . . . to return . . . a true transcript . . . within five days after the binding over or committal of any defendant . . . charged with any felony, . . ." and makes a wilful violation of the act a misdemeanor in office; and that of May 8, 1854, P. L. 678, requires committing magistrates to return all the recognizances entered into before them "at least ten days before the commencement of the session of the court to which they are made returnable respectively," except when they have been entered into within the ten days.

Commonwealth v. Lawell.

Interesting discussions of this subject are to be found in In re Returns by Magistrates, 26 Pa. C. C. Reps. 545, 11 Dist. R. 140, and Com. v. Sweetlick, 36 Pa. C. C. Reps. 305, 19 Dist. R. 397. Judge Landis, in Com. v. Berkman, 27 Dist. R. 930, says "there is no act of assembly nor decision called to our attention that decides, in cases of misdemeanors, that the withholding of the return by the justice over the next Court of Quarter Sessions vitiates his whole proceedings." Also, see Com. v. Kohle, 2 Luzerne Legal Reg. Reps. 329. The general principle which applies seems to be that a statutory provision as to the time of filing a transcript of a preliminary examination is directory only; filing within a reasonable time being sufficient: People v. Mullaley, 16 Cal. App. 44; 116 Pac. Repr. 88.

Our September, 1924, Sessions opened on Monday, the 8th. Saturday, the 13th, was the day on which, in regular course, this case would have been heard had it been returned before. The justice could, however, without departing from the strict letter of the act, have returned the complaint at any time that day, and, had he done so, it would have gone over until November Sessions. It did go over until November Sessions, not only because the complaint was not returned until the 16th, but also by reason of the fact that defendant did not appear at September Sessions, in compliance with his bond. That bond was, therefore, forfeited on the 19th and a bench warrant for defendant was issued. The sheriff brought him into court on the 20th, and on payment of the costs on the warrant the case was, on the application of counsel for defendant, as appears endorsed on the transcript, continued by the court until November Sessions. The bail was thereupon voluntarily renewed and to-day defendant stands engaged to appear at that court, there to answer such charges as may be preferred against him. It is, therefore, at least questionable whether, by his application for a continuance and renewal of his bail, he has not waived his right to raise the question now before us. If he has, that ends the matter. If he has not, then, in our opinion, and under the circumstances, the few days' delay of the justice in returning the complaint did not invalidate the proceedings.

Procrastination is, however, an ever-present and growing evil in the administration of justice. It cannot be gainsaid that delay in [administration] is often equivalent to a denial of justice. No one class is responsible for the condition. Parties, counsel and even those not directly interested are sometimes at fault. And that is nowhere better illustrated than by committing magistrates in making their returns to court.

This task is an easy one and the law governing the subject is both simple and direct. Prompt returns enable the district attorney to prepare bills of indictment and afford him an opportunity to subpœna the witnesses and prepare his cases for trial. They help the court to arrange its sessions in accordance with the anticipated requirements. But, generally, they are not made promptly. Many such officials, for some unaccountable reason, hold their transcripts back until the very eve of a term and, sometimes, until the grand jury is actually in session. To do so frequently prejudices the Commonwealth and always embarrasses the court and the district attorney. Wilfully to do so in certain cases is itself a crime and punishable as such.

We, therefore, seize upon the present case as an opportunity to direct the attention of the committing magistrates of the county to this serious and growing evil in the administration of justice in our county and to urge them hereafter to pay more heed to the law.

And now, Nov. 3, 1924, rule discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.